# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

Nos. 06-1040/1042

---

| | | |
|---|---|---|
| United States of America, | * | CR 02-56 JRT/SRN |
| | * | CR 03-44 MJD/JGL |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Steven Harold Pieper, Jr., | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

---

Submitted: September 26, 2006
Filed: October 4, 2006

---

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

---

PER CURIAM.

Steven Harold Pieper, Jr. appeals his twenty-one month prison sentence imposed by the district court[1] after revoking his supervised release. For the reasons discussed below, we affirm the judgment of the district court.

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

SCANNED
OCT 30 2006
U.S. DISTRICT COURT ST. PAUL

On April 12, 2002, Pieper pleaded guilty to theft from a credit union in violation of 18 U.S.C. § 2113(b) and was sentenced to eighteen months followed by three years of supervised release. While in custody, Pieper escaped. On April 4, 2003, he pleaded guilty to escape, in violation of 18 U.S.C. § 751(a), an offense for which he was sentenced to fifteen months again followed by three years of supervised release. On August 27, 2004, he was released and Pieper's two terms of supervised release commenced. On December 14, 2004, Pieper was arrested for second degree burglary, pleaded guilty and was sentenced to a thirty-month state sentence. On October 14, 2005, Pieper's probation officer filed a report with the district court detailing two violations of the conditions of his supervised release.

At his revocation hearing, Pieper admitted to the alleged violations in the report.[2] Pieper's counsel informed the court of the advisory guideline range and argued for a twelve-month sentence to run concurrently with his state sentence. The government agreed with the recommendation of the probation officer and indicated it would rely on the sentencing discretion of the court. Pieper was sentenced to twenty-one months to be served consecutively with his state sentence. This was at the low end of the advisory Guidelines range of twenty-one - twenty-seven months. See United States Sentencing Guidelines (U.S.S.G.) § 7B1.4 (2005). Pieper did not object to this sentence at the hearing. On appeal, Pieper argues his sentence is excessive and unreasonable, specifically because "there is no evidence that the court adequately considered or properly weighed" the sentencing factors set forth in 18 U.S.C. § 3553(a).[3]

---

[2]Pieper admitted the following: (1) he failed to remain law-abiding as he was convicted for second degree burglary; and (2) he resumed using methamphetamine and failed to appear for scheduled urinalysis testing. The probation officer's report indicates Pieper had failed to submit to urinalysis testing since October 2004.

[3]Pieper does not challenge the district court's failure to state its reasons for the sentence, but rather argues the court did not properly weigh the § 3553(a) factors.

Prior to United States v. Booker, 543 U.S. 220 (2005), we reviewed revocation sentences for an abuse of discretion. United States v. Griggs, 431 F.3d 1110, 1115 (8th Cir. 2005). However, after Booker, "we think it is more consistent with Booker to review revocation sentences . . . under the 'unreasonableness' standard announced in that opinion." Id. A revocation sentence within the advisory guidelines range is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005).

"[A]lthough the district court is required to consider certain factors set forth in § 3553(a) in a supervised-release-revocation sentencing, there is no requirement that the district court make specific findings relating to each of the factors considered." United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (internal quotation marks omitted). Instead, evidence indicating the district court was simply aware of the factors is sufficient and such awareness can be inferred from the record. Id. Also, "[i]f a sentencing judge references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (internal quotation marks omitted).

Here, the record demonstrates the court gave sufficient consideration to the § 3553(a) factors and imposed a reasonable sentence. The sentence is at the low end of the advisory range. The district judge was familiar with Pieper's history and characteristics when he imposed the sentence, as he was the same judge who had sentenced Pieper to supervised release for his 2003 escape from custody. See Franklin, 397 F.3d at 607 (noting the requisite inference of awareness can be drawn where the revocation judge was the same judge who presided over the initial sentence). The revocation hearing transcript also shows the district court was well aware of Pieper's history as well as his violations of the conditions of his supervised release. The district court questioned Pieper about his actions and whether he understood they were violations of his supervised release. Both Pieper and his

counsel addressed the court about Pieper's methamphetamine addiction which, according to his counsel, directly related to each of his prior charges, including his most recent burglary conviction. After imposing his sentence, the judge remarked, "your history follows you." He then conversed with Pieper about his addiction, about how Pieper was currently clean because he was in prison, and about how it would be difficult for Pieper to remain clean once released. He concluded Pieper had to take things "one day at a time." In sum, upon review of the record, we are satisfied the district court adequately considered the § 3553(a) factors and we conclude the ultimate sentence imposed by the district court was reasonable.

We therefore affirm the district court.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans